MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JONATHAN SCHMIDT (CABN 230646)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: jonathan.schmidt@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> STEPHEN DURLAND, ) <br> ) <br>    Defendant. ) <br> _____ ) | No. CR 11-00009 JSW <br><br> UNITED STATES SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE UNDER U.S.S.G. § 5K1.1 <br><br> Date: October 13, 2011 <br> Time: 2:00 p.m. |

**Introduction**

   This Court is scheduled to sentence Mr. Durland for his role in a securities fraud scheme while he was CFO of Pegasus Wireless Corporation.

   Mr. Durland acknowledged his role in the scheme, and entered a cooperation plea agreement with the government.  Then on March 18, 2011, Mr. Durland pled guilty to one count of conspiracy to commit securities fraud (18 U.S.C. § 1349), securities fraud (18 U.S.C. § 1348) and falsifying books and records (15 U.S.C. § 78m(b)(2)(A)).

   Consistent with the plea agreement, the presentence report calculates the total offense level as

US SENT. MEM.
CR 11-00009 JSW

24, the criminal history category as I and the resulting guideline range as 51-63 months imprisonment. The United States agrees with these calculations.

The United States hereby moves for a downward departure to a 27-month sentence to reflect Mr. Durland's cooperation in the case and recommends that the Court sentence Mr. Durland to 27 months imprisonment.

**Discussion**

The CEO of Pegasus, Jasper Knabb, and Stephen Durland fraudulently caused about half a billion Pegasus shares to issue to various nominees who then liquidated some of the shares and funneled the proceeds back to Mr. Knabb and Mr. Durland. About $2.1 million in the proceeds from the stock sales went to Mr. Durland and about $29 million went to Mr. Knabb. The scheme led to the dilution of the value of the company's stock and ultimately to Pegasus's bankruptcy. The result was that many innocent investors lost money, some lost substantial sums.

The Court has received victim impact statements in which some of the investors detail their financial losses and the emotional toll caused by the loss.

The investors in Pegasus report suffering both financial and emotional strain as a result of losing their investments. For example, many investors report losing their savings and struggling financially. Investors also report suffering depression, anxiety, anger, and family problems. One couple reports that the financial loss led to their divorce. Here is how one investor described his family's ordeal:

> The truth is overcoming [this financial loss] is a devastating thing for us to contemplate . . . This has been an extremely pressing issue for me and my wife for years. There have been great many nights that my sleep has been disturbed to some degree by the weight of this.

Another investor reports "[t]he effects have run the gamut from mental anguish, to emotional ups and downs, to some physical affects as well." A third investor explains that "[b]ecause of this crime, we constantly struggled to make ends meet and support our household."[1]

The actions of Mr. Knabb and Mr. Durland were reprehensible and deserve a significant

---

[1] While some of the investors report interacting with Mr. Knabb, none report direct contact with Mr. Durland.

1 sanction.

2 Mr. Durland's sanction though should be tempered because he was not the primary
3 beneficiary of the scheme and he provided assistance to the United States.

4 As a preliminary matter, the adjusted offense level here is largely driven by the gain in this
5 case.  The bulk of the gain went to Mr. Knabb.  As a co-conspirator, Mr. Durland is liable for that
6 gain.  Still, Mr. Durland only made $2.1 million from the scheme.  If Mr. Durland's guideline
7 calculation had only reflected his gain, the offense level would be 18 and his guideline range
8 would have been 27-33 months.

9 Mr. Durland's assistance to the United States was substantial.  Durland's cooperation led to
10 Jasper Knabb, the mastermind and main beneficiary of the scheme, pleading guilty to Conspiracy
11 to Commit Securities Fraud (18 U.S.C. § 1349); Securities Fraud (18 U.S.C. § 1348); and
12 Falsifying Books and Records (15 U.S.C. § 78m(b)(5)).

13 Under U.S.S.G. § 5K1.1 upon the government's motions stating that a defendant provided
14 substantial assistance in the investigation and prosecution of another person, the Court may
15 depart from the guidelines.  In determining the appropriateness of a substantial assistance
16 reduction the Court should consider, among other factors the following:

17    1.   the significance and usefulness of the cooperation,
18    2.   the truthfulness, completeness, and reliability of the cooperation,
19    3.   the nature and extent of the cooperation, and
20    4.   the timeliness of the cooperation.

21 On all these metrics, Mr. Durland deserves a significant departure.

22 The evidence in this case is complex involving voluminous financial documents, intricate
23 transactions, and multiple witnesses.  As in many financial investigations, the United States
24 contacted the targets before charging the case.

25 The United States spoke with Mr. Knabb in the first half of 2010.  Mr. Knabb, who was
26 represented by counsel, denied any culpability and provided a host of explanations and excuses.

27 The United States then contacted Mr. Durland, in the summer of 2010; he agreed
28 immediately to plead guilty and cooperate.  The United States interviewed Mr. Durland in

US SENT. MEM.
CR 11-00009 JSW                    3

September 2011.  He provided truthful, complete, and reliable information.  He also provided documents he had in his possession.  The information provided by Mr. Durland helped the government better understand the complex financial transactions at the core of this fraud.

Shortly after Mr. Durland spoke to the government, Mr. Knabb agreed to plead guilty and acknowledge close to $30 million in gain.  Mr. Knabb is scheduled to be sentenced on November 3, 2011.

The ability to resolve this case pre-charging via plea agreements with both defendants was a substantial saving of resources for the government and the Court.  Mr. Durland's cooperation was crucial in obtaining these pre-charging resolutions.

**Conclusion**

The United States recommends that the Court grant a downward departure and sentence Mr. Durland to 27 months imprisonment.

DATED: October 6, 2011                    Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney


                                          _____s/_____
                                          JONATHAN SCHMIDT
                                          Assistant United States Attorney